Louis Otten, J.
These cases again present the question of the jurisdiction of this court to require the State of New York to reimburse the City of New York for one half the tuition cost for a physically handicapped child at a special school under section 4403 of the Education Law of the State of New York.
Each proceeding was initiated by the parent’s (or guardian’s) petition under section 232 of the Family Court Act for special educational services for the child. The appropriate copies of Form HC-3 (recommendation of school superintendent, physician and psychologist) are attached to the petition as well as a letter of approval from the State Education Department (except in the Jaylynn W.* case) pursuant to section 4407 of the Education Law. The facts supporting the application for payment by the City of New York of the tuition costs of the child have been established and, in fact, have not been placed in issue. Accordingly such application is granted in each case.
The Corporation Counsel of the City of New York moves under section 4403 of the Education Law for an order directing the State of New York to reimburse the city to the extent of 50% of the cost of the special educational services for the child. The State Commissioner of Education opposes this motion and asserts that he cannot approve the order of this court for various reasons, none of which are, in this court’s opinion, valid.
The Commissioner of Education, in each of these cases, has addressed a letter to the court stating that his certificate of *381 approval under section 4403 of the Education Law would not be issued. Said letter reads in pertinent part:
‘ ‘ Subdivision 1 of Section 4403 of the Education Law provides, in material part, that the State Education Department shall have the power and duty to provide, within the limits of the appropriations made therefor, home teaching, transportation, -scholarships and non-residence schools, tuition or maintenance and tuition in elementary, secondary, higher, special and technichal schools, for handicapped children in whole or in part from funds -of the Department, when not otherwise provided by parents, guardians, local authorities or other sources, public or private. Pursuant to the provisions of subdivision 3 of Section 40 of the State Finance Law, the appropriations to the Education Department for this purpose for the State fiscal year which began on April 1, 1971, ceased at the close of that fiscal year on March 31,1972, unless a liability had been incurred prior to that date, in which case payment could be made on or before the next succeeding 15th day of September.
“ In the instant matter, no encumbrance of funds was made prior to March 31, 1972. Therefore, the Commissioner of Education could not issue an HC-5 (certificate of approval for State aid) should the Court grant the relief sought in the petition with regard to the attendance for the 1971-72 school year.”
The reliance upon subdivision 3 of section 40 of the State Finance Law is misplaced. That section merely provides that appropriations for liabilities incurred during a fiscal year shall lapse at the end of the fiscal year or, in any event on the following September 15. In these proceedings no liability of the State will have been incurred until orders are made and entered by this court. It is the year when the liability is fixed, not when the incident occurred, that determines what appropriation is used.
In fact the counsel for the Commissioner of Education, in his affidavit (in two of the cases) in opposition to the motion for State reimbursement made by the 'Corporation Counsel of the City of New York, urges that the motion is premature because no such liability exists until the court so orders and the Commissioner of Education approves.
The Commissioner has indicated that he will not approve. He does not, however, question the existence -of the handicapping condition, the child’s need for special educational services, the unavailability of suitable public facilities, the suitability of the private school or the reasonableness of its charges. In fact the Commissioner has, in two of the cases, already given his *382 approval for part payment under section 4407 of the Education Law.
However, the Family Court is a court of limited jurisdiction and possesses only those powers conferred upon it hy the State Constitution and laws enacted pursuant thereto. The court’s jurisdiction to provide for the child’s special education and to make the cost thereof a charge upon the county of the child’s domicile is clear under section 232 of the Family Court Act. The power of the Family Court to order approval hy the State Commissioner of Education of its order for special education where there is no valid reason for withholding such approval is found,in section 255 of the Family Court Act as most recently amended by section 3 of chapter 1016 of the Laws of 1972 which reads in pertinent part as follows: “It is hereby made the duty of, and the family court or a judge thereof may order, any state, county and municipal officer and employee to render such assistance and cooperation as shall be within his legal authority, as may be required, to further the objects of this act. ’ ’
The fact that another, but more cumbersome and expensive, remedy may be available under CPLR article 78 is not fatal to the motions in the instant proceedings.
Accordingly, the court does order the Commissioner of Education of the State of New York to certify his approval under subdivision 1 of section 4403 of the Education Law so as to require State reimbursement of one half the cost of the special educational services for these children in accordance with subdivisions 2 and 3 of said section.