Jacob T. Zhkebman, J.
This motion presents the issue of whether a Family Court Judge pursuant to section 255 of the Family Court Act may order the Superintendent of a Community School Board to place a child in a particular school.
*673 On February 14, 1973, Mildred M., at the direction of the Board of Education, filed a petition in Family Court against her son, John M., alleging that he was a person in need of supervision. The petition alleged that John M. was a truant.
The truancy had allegedly started at about the time of John’s transfer to a new school where he was subjected to extreme and cruel ridicule as a result of his serious speech defect. The psychiatrist from the Bureau of Mental Health Services found this ridicule harmful to the child’s emotional well-being. It was noted that at the first school, Pershing Junior High School, John had already established himself in the social order and was well known by his classmates and was accepted despite his speech defect.
This court made a finding that the child’s needs were best served by his attending Pershing Junior High School and pursuant to section 255 of the Family Court Act, ordered the Acting Superintendent of Community School Board, District 20 to effect the transfer of John M. from his new school back to Pershing Junior High School.
The Board of Education moved to set aside the Family Court’s order on the grounds that it was defective, in that the board was never a party to the proceeding and the court did not have the Board of Education under its jurisdiction at the time said order was made.
The Family Court, taking note of the jurisdictional defect, vacated its order without prejudice to renew the petition for the transfer.
The Law Guardian, on behalf of .John M., has now moved this court for an order pursuant to section 255 of the Family Court Act directing Francis J. Ryan, Acting Superintendent of Community School Board, District 20, to effect the transfer of John M. to Pershing Junior High School No. 220.
The Board of Education opposes this motion on the grounds that section 255 of the Family Court Act does not require or empower a Family Court Judge to order the Board of Education to transfer students out of any of its schools.
Section 255 of the Family Court Act, as amended, effective July 1, 1972, the statute in question, reads as follows: “It is hereby made the duty of, and the family court or a judge thereof may order,, any state, county and municipal officer and employee to render such assistance and co-operation as shall be within his legal authority, as may be required, to further the objects of this act. It is hereby made the duty of and the family court or judge thereof may order, any agency or other institution to *674 render such information, assistance and co-operation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act. The court is authorized to seek the co-operation of, and may use, within its authorized appropriation therefor, the services of all societies or organizations, public or private, having for their object the protection or aid of children or families, including family counsel-ling services, to the end that the court may be assisted in every reasonable way to give the children and the families within its jurisdiction such care, protection and assistance as will best enhance their welfare ”.
The Board of Education claims that based on a statement on page 23 in the 1972 New York State Legislative Annual, section 255 of the Family Court Act is only applicable to those agencies which concern themselves with child problems and/or child care. It is argued that, as the Board of Education does not fall into either category that section 255 does not apply to it. The Legislature, according to the board, did not intend by section 255 to allow Family Court Judges to substitute their discretion as to child placement in schools for that of the board.
Secondly, it is contended by the Board of Education that the order sought herein is nothing more than an article 78 proceeding and that Family Court is not authorized to entertain article 78 proceedings. It is reasoned that if there is a basis to consider the action of the Board of Education concerning arbitrariness or capriciousness under the Civil Practice Law and Rules, the matter would have to be submitted in accordance with CPLR article 78 in the Supreme Court.
Thirdly, the board argues that the case of Matter of Naima C. (39 A D 2d 964) states that section 255 does not give the Family Court power to direct the Board of Education to place children in different schools and thus would prohibit the granting of the order sought herein.
As to the board’s first contention relating to legislative intent, it should be noted that section 255 is clear and unambiguous on its face and thus no resort to legislative intent is really necessary. The act as amended gives Family Court Judges the power to “order, any agency or other institution to render such information, assistance and co-operation ” (emphasis added). Moreover, if one does look at the legislative history, in particular the Report of the Assembly Select Committee on Child Abuse, which was the principal document relied on by the Legislature in making changes in the Family Court Act? it is obvious that *675 it was the intent of the Legislature to strengthen the powers of the Family Court and its Judges, to command the assistance and co-operation of institution serving children.
The report noted the importance of the Family Court and criticized its then lack of power and the second class status which it had been accorded by the community. ‘ ‘ In many ways the state’s most important trial court, the Family Court has been consigned to second class status and its efforts undermined by inadequate supporting services * * * the Family Court traditionally has been considered a court of secondary importance to which priority resources need not be assigned— the importance of its work underestimated and its personnel demeaned”. (Report of the Assembly Select Committee on Child Abuse, p. 124.)
It should be noted that schools were specifically included by the select committee in their reference to the lack of co-operative community structures. This reference to schools in the report counters the board’s contention that section 255 is inapplicable to the board.
It is this court’s opinion that the amendment of section 255 was framed to give Family Court Judges the power to insure that children receive proper care and treatment from any institution in the State that is involved with children. There is no limitation in the statute as to the word ‘ ‘ institution ’ ’.
The board’s second argument which is to the effect that the order petitioned for in this case should be sought by a CPLR article 78 proceeding as such proceeding may occur only in Supreme Court, was rejected by the Appellate Division in the case of Usen v. Sipprell (41 A D 2d 251).
Usen v. Sipprell (supra) was an article 78 proceeding brought against, among others, the Board of Education. After quoting section 255 and noting its recent amendment, the Appellate Division stated (p. 259): “In view of the quoted section of Family Court Act as amended, we believe that this proceeding should be transferred to the Family Court of Erie County, wherein the hearing above described be conducted, after which Family Court, in light of the facts adduced at such hearing, may solicit and order such care, education and treatment of petitioner and intervenor ”. (Emphasis added.)
Thus, the Appellate Division has stated with certainty that section 255 as amended makes the Family Court the proper forum to hear a petition such as is presently before this court, and gives such power to the Family Court Judge that he may *676 solicit and order care, education and treatment of petitioner as is warranted in light of facts adduced at the hearing.
The argument the board raises with respect to the case of Matter of Naima C. (39 A D 2d 964, supra) must be rejected by this court, as said case was decided prior to the amendment to section 255. It is recognized by this court that prior to the amendment to section 255, the power to direct the Board of Education to place children in different schools did not exist. It is precisely that amendment which now empowers the Family Court Judge to make such an order.
This court now finds that since petitioner’s needs were best served by his attending Pershing Junior High School, pursuant to section 255 of the Family Court Act, this court grants the petitioner’s motion and orders Francis J. Ryan, Acting Superintendent of Community School Board, District 20 to .effect the transfer of respondent from his new school back to Pershing Junior High School.