■ In the Matter of ROBERT F. CURRIER et al., Appellants, v MARVIN I. HONIG, as Rensselaer County Attorney, Respondent.—Appeal from an order of the Family Court of Rensselaer County, entered July 8, 1975, which denied a motion for an order vacating and setting aside an ex parte order of said court directing, among other things, the employment of an attorney to act as an Assistant County Attorney to represent persons in the Family Court. On application of respondent, Family Court Judge Allan Dixon signed an ex parte order, dated May 16, 1975, directing respondent to employ an Assistant County Attorney to provide representation to persons petitioning in that court and which further ordered the appellant Currier, Rensselaer County Auditor, to audit, and the Chief Fiscal Officer to pay, compensation to such assistant out of contingent funds of Rensselaer County. Thereafter, the petitioners Currier and Manupella, Chairman of the Rensselaer County Legislature, moved before Judge Dixon to vacate the order. The motion was dismissed on the ground that petitioners were not proper parties. The Family Court denied the motion on the grounds that neither petitioner had been a party to the original application of the County Attorney and that they have not moved to intervene. We find this decision to be erroneous since the only person appearing on the ex parte application of the County Attorney was the County Attorney. In any event, the fact that petitioners were not parties to the original application is not controlling since persons aggrieved may appeal although they are not parties *(People v Dobbs Ferry Med. Pavillion,* 40 AD2d 324, affd 33 NY2d 584). We must, therefore, determine whether petitioners are aggrieved by the Family Court order. We recognize the undeniable trend in New York law toward the liberal expansion of the doctrine of standing *(Boryszewski v Brydges,* 37 NY2d 361). (See L 1975, ch 827, § 1; *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1.) The Court of Appeals recognizes the concept that our courts should be open to those persons who can bring a full and vigorous presentation of the issues *(Matter of Burke v Sugarman,* 35 NY2d 39), so that there will not be an impenetrable barrier to judicial scrutiny of allegedly unconstitutional acts performed by governmental officers. On the question of standing, we note that the petitioner Manupella is a duly elected Legislator of the County of Rensselaer and Chairman of the Rensselaer County Legislature. As such, he is particularly interested in and adversely affected by a judicial act which allegedly usurps the power of the county Legislature. We need not determine, however, whether Manupella had standing, in that we hold that the Family Court erred in holding that petitioner Currier, Rensselaer County Auditor, had no standing. The challenged order purports to bind this petitioner in his official role of auditor. It is of no consequence that petitioner might not be civilly liable for compliance with the court order, as contended by respondent, since he has been ordered to perform an act which he contends he does not have the authority to perform. Thus, he is personally bound since he has responsibility with respect to the disposition of county funds (see *Matter of Richmond County Soc. for Prevention of Cruelty to Children,* 11 AD2d 236, 239), and sufficiently interested in the case to attain standing. We now pass to a consideration of the merits on the application, since an appellate court generally may make the order which the trial court should have made *(Adler v Barr,* 251 App Div 853; 10 Carmody Wait 2d, NY Practice, § 70:410). In our view, the Family Court did not have the authority to order the hiring of an Assistant County Attorney. The court relied on the language of section 255

of the Family Court Act which provides as follows: "It is hereby made the duty of, and the family court or a judge thereof may order, any state, county and municipal officer and employee to render such assistance and cooperation *as shall be within his legal authority,* as may be required, to further the objects of this act." (Emphasis added.) This section has been employed by Family Courts to order officers and agencies to perform responsibilities which are in the best interests of a child and society in general. (See *Matter of Leopoldo Z.,* 78 Misc 2d 866; *Matter of Carlos P.,* 78 Misc 2d 851; *Matter of John M.,* 75 Misc 2d 672; *Matter of Anthony W.,* 74 Misc 2d 380.) However, these decisions all conformed to the two-pronged standard required by the statute: (1) that the ordered act be within the legal authority of the court and agency, and (2) that it further the objects of the act. In the instant case, Judge Dixon's order does not have the sanction of legal authority. No statute provides that the Family Court or the County Attorney alone may appoint or direct the appointment and compensation of an Assistant County Attorney. Section 502 of the County Law empowers the board of supervisors to authorize the County Attorney to appoint an assistant. Furthermore, section 4.03 of the Rensselaer County Charter provides that the County Attorney may appoint such assistants as are authorized by the county Legislature. The Rensselaer County Legislature has refused to appropriate the required funds and authorize the desired appointment, and no court can compel the exercise of purely legislative power in a prescribed manner. Section 255 does not give the Family Court or the County Attorney the right to usurp the power of the Legislature in a manner contrary to the provisions of law. Order reversed, on the law, without costs, and the ex parte order of the Family Court of Rensselaer County dated May 16, 1975 is hereby vacated and set aside. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.