██  In the Matter of MARGARET ANN E., Petitioner, v HUBAN F., Respondent. MARVIN HONIG, as Rensselaer County Attorney, Appellant.— Appeal from an order of the Family Court of Rensselaer County, entered February 25, 1980, which appointed the Rensselaer County Attorney to represent petitioner in a proceeding pursuant to article 5 of the Family Court Act. Order affirmed, with costs. (See Family Ct Act, § 254.) Greenblott, J. P., Main and Herlihy, JJ., concur.

Casey, J., dissents and votes to reverse in the following memorandum. Casey, J. (dissenting). I respectfully dissent. This appeal questions the right of the Family Court to appoint the County Attorney, pursuant to section 254 of the Family Court Act, to represent the petitioner in her paternity proceeding. The only basis for the appointment was the petitioner's appearance without counsel. No request was made by her for an attorney. No inquiry was made by the Family Court as to why she was unrepresented or whether she was indigent and, if so, whether she had sought representation from the County Legal Aid Society. Nor was any consideration given by the court to section 262 of the Family Court Act providing for assignment of counsel for indigent persons, or to section 536 providing for counsel fees to the petitioner's attorney, if she was unable to pay therefor. On February 20, 1980 the Family Court heard oral arguments on the County Attorney's motion to vacate the order of appointment, then denied the motion and signed its written order of appointment on February 25, 1980. The statute (Family Ct Act, § 254, subd [a]) relevantly provides: "The family court * * * may request the appropriate * * * county attorney to present the case in support of the petition when, in the opinion of the family court * * * such presentation will serve the purposes of the act. When so requested, the * * * county attorney shall present the case in support of the petition and assist in all

stages of the proceedings, including appeals in connection therewith." The statute does not provide and cannot be construed to require a mandated appointment by the Family Court in every case brought under the Family Court Act, simply because the petitioner appears unrepresented. By its terms, representation by the County Attorney may be *requested* by the court only when such representation by the appropriate County Attorney will serve the purposes of the act. The appointment herein was not a *request* by the court, it was an *order* and it was made without any showing of how such representation would serve the purposes of the act, when the petitioner clearly had many other available avenues of obtaining representation by counsel open to her. The lack of any basis as to how such representation will serve the purposes of the act deprives the Family Court of statutory authority, and its order, therefore, should be reversed (cf. *Matter of Currier v Honig,* 50 AD2d 632). It should be noted that one of the issues raised on this appeal is whether the order in question is properly appealable by the County Attorney. As a person aggrieved by that order, the County Attorney may appeal it even though he is not a party to the paternity proceeding *(Matter of Currier v Honig, supra),* and since the order finally determines the rights of the County Attorney and has no relationship to the merits of the underlying proceeding, it is appealable as of right or as a matter of discretion (Family Ct Act, § 1112).