■ In the Matter of NATHAN S., Alleged to be a Juvenile Delinquent, Respondent. HAROLD L. TWISS, JR., as Franklin County Attorney, Appellant. [603 NYS2d 210] —Casey, J. Appeal from an order of the Family Court of Franklin County, (Main, Jr., J.), entered June 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

This appeal poses the question of whether the juvenile involved here was appropriately placed by Family Court. The youth was adjudicated a delinquent when he was found, upon his own admission, to have committed an act which if committed by an adult would constitute the crime of burglary in the third degree. Upon the adjudication of delinquency, the court ordered an investigation and report by the Probation Department and a psychiatric evaluation.

Following a dispositional hearing, and after reviewing all relevant reports and submissions, Family Court adopted the recommendation of the psychiatrist, awarded custody to the Franklin County Commissioner of Social Services for a period of 12 months, and directed placement in a residential facility which offered the recommended therapy. The court further ordered that the Law Guardian who appeared on behalf of the juvenile be allowed access to information directly from the case workers of the Franklin County Department of Social Services (hereinafter Department). Petitioner appeals from Family Court's order on two grounds.

The first ground is that Family Court was presented with a less restrictive alternative, i.e., placement with the parents who would be directed to follow the recommendations of the staff psychologist of North Star Mental Health, with the Department providing mandated preventive services. Petitioner argues that because this less restrictive alternative was not tried, institutional placement was unwarranted. Family Court Act § 352.2 designates the dispositional alternatives and requires the court to consider the needs and best interest of the juvenile, as well as the need for protection of the community. The statute requires that the court order the least restrictive alternative which is consistent with the needs and best interest of the child and the need for protection of the community. The statute does not require that the lesser restrictive alternatives actually be tried and fail before more restrictive alternatives can be imposed (*Matter of Anthony M.*, 142 AD2d 731, 732). Family Court carefully considered all of the dispositional alternatives and decided that the appropriate disposition was to place this youth in the custody of the Department in a residential setting that would provide the therapeutic, supportive and structured environment that would best provide for his needs. In our view, based on the psychiatric and psychological evaluation of the juvenile and all of the other relevant evidence, this was a proper exercise of the court's discretion and its determination should not be

disturbed (see, Matter of Katherine W., 62 NY2d 947; Matter of Terry LL., 158 AD2d 861).

The second ground for petitioner's appeal is that Family Court erred by granting the Law Guardian unlimited access directly through the case workers to any information possessed by the Department. We agree. Although Family Court cited no authority for granting the Law Guardian unfettered access to the Department's records, we assume that the basis is Family Court Act § 255. This statute authorizes Family Court to direct officers and agencies to render assistance and cooperation which are in the best interest of a child and society in general, provided that the ordered assistance and cooperation are within the legal authority of the court and the agency and it furthers the object of the Family Court Act (Matter of Currier v Honig, 50 AD2d 632, 633). Assuming that the first prong of this standard has been met here, there is no evidence in the record that the provision furthers the object of the Act. In the absence of a factual inquiry into the nature of the problem, the specific services needed to remedy the problem and the circumstances of the office or agency which has the authority to provide the services, an adequate basis is lacking to ensure that the order is necessary and adequate to remedy the problem and not unreasonably burdensome to the officer or agency (see, Matter of Edward M, 76 Misc 2d 781, 785-787, affd sub nom. Matter of Marcray, 45 AD2d 906). The provision granting the Law Guardian unfettered access directly through case workers to information possessed by the Department should, therefore, be deleted from the order.

Yesawich Jr., J. P., Crew III, White and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting therefrom the second paragraph under the heading "Other Conditions", and, as so modified, affirmed.