◼ In the Matter of FREDERICK Y., a Person Alleged to be a Juvenile Delinquent, Appellant. TOMPKINS COUNTY ATTORNEY, Respondent. [606 NYS2d 351] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Friedlander, J.), entered January 27, 1993, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, who was the subject of a juvenile delinquency petition filed on or about May 27, 1992, made his initial appearance in Family Court on July 20, 1992. A fact-finding hearing was conducted on August 31, 1992 and, by decision entered December 2, 1992, Family Court found that petitioner

had established, beyond a reasonable doubt, that respondent had committed an act which, if committed by an adult, would constitute the crime of sexual abuse in the first degree *(see,* Penal Law § 130.65 [3]), a class D felony. Thereafter, on January 19, 1993, a dispositional hearing was held, at the conclusion of which Family Court, *inter alia,* adjudicated respondent a juvenile delinquent and placed him on probation for a period of two years. This appeal by respondent followed.

Family Court Act § 350.1 (2) provides that where, as here, the respondent is not under detention, the dispositional hearing shall commence not more than 50 days following entry of an order pursuant to Family Court Act § 345.1 (1), which, in turn, requires that Family Court enter an appropriate order and schedule a dispositional hearing if the allegations or specific counts of the petition concerning the commission of a crime have been established.* Although the Law Guardian conceded at oral argument that the dispositional hearing at issue here was timely, it is respondent's contention that Family Court, by delaying in rendering a written decision following the fact-finding hearing, was able to circumvent the requirements of Family Court Act § 350.1 and has succeeded in undermining the purpose of the statute. We cannot agree. Although Family Court's written decision was not rendered within the 60-day period required by CPLR 4213 (c) *(see,* Family Ct Act § 165 [a]), the decision was nonetheless valid *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4213:4, at 337) and respondent's remedy once the 60 days had passed was to either informally request a decision from Family Court or commence a CPLR article 78 proceeding to compel the issuance of same *(see, id.).* Thus, inasmuch as no statutory violation occurred, there is no basis for dismissing the petition on "speedy hearing" grounds. Respondent's remaining arguments have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., White and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.

---

* No such order appears in the record, although Family Court's written decision in this regard was entered on December 2, 1992.