■ In the Matter of MICHAEL OO., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant Franklin County Attorney, Respondent. [702 NYS2d 700] —Peters, J. Appeals from two orders of the Family Court of Franklin County (Main, Jr., J.), entered March 12, 1999, which, *inter alia*, modified a prior order of disposition entered in a proceeding pursuant to Family Court Act article 3.

By separate petitions filed pursuant to Family Court Act article 3, respondent was alleged to have committed acts which if committed by an adult would constitute the crimes of grand larceny in the fourth degree and petit larceny based upon respondent's theft of a rifle from a parked vehicle and his theft of mail from neighbors' mailboxes. Respondent admitted the allegations of the petitions and, by separate orders of disposition, he was placed in the custody of the Franklin County Department of Social Services (hereinafter DSS) for a period of 12 months, ending May 21, 1999, and placed on probation supervision of the Franklin County Probation Department for a period of 12 months, subject to certain conditions.

In November 1998, respondent apparently fled the area and his whereabouts were unknown until his return nearly two months later. As a result, petitions were filed seeking modification of respondent's placement and alleging violations of the conditions of probation. Respondent admitted the allegations of the petitions and, following a consolidated dispositional hearing, Family Court entered separate orders of disposition which placed respondent in the custody of the Office of Children and Family Services (formerly the Division for Youth). Respondent appeals.

Respondent contends that Family Court erred in failing to continue placement with DSS. It is undisputed that placement with DSS was unsuccessful, with respondent's behavioral problems continuing and culminating in his two-month disappearance. Respondent contends that his behavioral problems are the direct result of his inability to cope with the marital discord in his mother's home. In its initial order of placement with DSS, Family Court included "the strong continuing recommendation that respondent be removed from his home". Respondent contends that by allowing him to return to his home for a period of time, DSS was responsible for the failure of the placement and, therefore, a more restrictive placement is erroneous. In effect, respondent argues that placement with DSS should be attempted again before imposition of a more restrictive placement.

While Family Court Act § 352.2 (2) requires "the least re-

strictive available alternative", the statute does not require that less restrictive alternatives actually be tried and fail before more restrictive alternatives can be imposed (*see, Matter of Nathan S.*, 198 AD2d 557, 558). It follows, therefore, that the statute does not require that a previously unsuccessful lesser restrictive alternative be attempted again before a more restrictive alternative can be imposed. The record, which includes reports and a recommendation from the Probation Department and a mental health assessment, supports Family Court's finding that "the most important thing this [r]espondent needs * * * is a consistent structure with appropriate discipline and the ability to have that discipline administered * * * daily, twenty-four hours a day, with a firm, guiding hand [which is] beyond the ability of Probation or [DSS]". Family Court did not abuse its discretion in placing respondent with the Office of Children and Family Services (*see, Matter of Windell YY.*, 249 AD2d 621).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.