■ In the Matter of JONATHAN D., a Person Alleged to be a Juvenile Delinquent, Appellant. SCHUYLER COUNTY ATTORNEY,

Respondent. [746 NYS2d 206] —Peters, J.

On February 12, 2001, petitioner filed a juvenile delinquency petition alleging, inter alia, that respondent (born in 1986) committed acts which, if committed by an adult, would constitute the crimes of burglary in the third degree and petit larceny. The charges arose from two incidents where respondent unlawfully entered a dwelling in the Village of Odessa, Schuyler County, and stole alcoholic beverages.

At respondent's initial appearance, represented by counsel and accompanied by his parents, Family Court noted that this was one of four pending juvenile delinquency petitions as well as a petition to adjudicate him a person in need of supervision. Respondent entered a general denial to all petitions and Family Court placed him on electronic home monitoring. At the next appearance, respondent admitted to committing an act which, if committed by an adult, would constitute the crime of burglary in the third degree in satisfaction of all pending petitions. Prior to accepting the plea, Family Court stressed that upon the plea, all dispositional alternatives would be considered.

At the dispositional hearing on April 12, 2001, the predispositional investigative report was admitted and testimony was elicited from respondent and his parents. Evidence revealed that respondent was failing six of his seven classes in his alternative high school, was suspended from school on more than one occasion and was still using drugs while participating in an intensive outpatient rehabilitation program. Although respondent was, at that time, abiding by the curfew enforced by electronic home monitoring and was attending various sources of therapy, his home environment was chaotic. One such incident involved a physical altercation between respondent and his father which resulted in his father's leg being broken. This altercation occurred during a period where his father, an alcoholic, was actively drinking while respondent was making an attempt at sobriety. The predispositional report further noted respondent's extensive criminal history, the most recent arrest occurring prior to the dispositional hearing while he was under house arrest. Deemed resistant to treatment, it was recommended that respondent be remanded to detention until placement with the Office of Children and Family Services could be arranged.

At the conclusion of the hearing, Family Court reserved decision and, in the interim, continued respondent under electronic home monitoring. On June 8, 2001, Family Court issued its order of disposition which, inter alia, removed respondent from his home and placed him in the custody of the Commissioner of Social Services for a period of 12 months. Respondent appeals.

Respondent alleges that the 57-day lapse between the close of the dispositional hearing and the issuance of the dispositional order violated his due process right to a speedy resolution. We disagree. While CPLR 4213 (c) states that the order of disposition should be rendered within 60 days of the dispositional hearing (see, Family Ct Act § 165 [a]), we find that not only had the order been issued timely, but also that the time frame enumerated therein is not jurisdictional (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4213:4, at 337; see, Matter of Frederick Y., 199 AD2d 887, 888; cf., Matter of Jesse QQ., 243 AD2d 788, 789, lv denied 91 NY2d 804). With no viable claim of prejudice stemming from the delay since respondent remained at home until the disposition was rendered—"arguably the antithesis of prejudice" (Matter of Gregory C., 131 Misc 2d 685, 687)—we next review the disposition.

In considering "the needs and best interests of the respondent as well as the need for protection of the community" (Family Ct Act § 352.2 [2] [a]), we find that Family Court properly assessed respondent's continued failings both at home and in his community despite all attempts at structure. While we acknowledge that Family Court "shall order the least restrictive * * * alternative" (id.), the least restrictive alternative need not be "actually * * * tried and fail before more restrictive alternatives can be imposed" (Matter of Michael OO., 269 AD2d 633, 634). The record is replete with evidence demonstrating respondent's drug and alcohol dependence and the alcohol dependence of his father.* In light of his own needs and that of the community (see, Family Ct Act § 352.2 [2] [a]), we find no abuse of discretion (see, Matter of Manuel W., 279 AD2d 662, 663; Matter of Michael OO., supra at 633-634; Matter of Craig ZZ., 243 AD2d 905, 906) in the disposition ordered.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note the record reflects his recent attempts toward sobriety.