■ In the Matter of JASON SS., a Person Alleged to be a Juvenile Delinquent, Appellant. DELAWARE COUNTY ATTORNEY'S OFFICE, Respondent. (And Another Related Proceeding.) [755 NYS2d 734] —Lahtinen, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 8, 2002, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

On February 14, 2002 and February 19, 2002, petitions were filed pursuant to Family Ct Act article 3 alleging various conduct by the 14-year-old respondent which, if committed by

an adult, would constitute crimes. The alleged acts included making bomb and anthrax threats at the school he attended, stealing a digital camera from the school, and the theft and unauthorized use of five motor vehicles. Respondent was detained commencing on February 17, 2002 and made an initial appearance on February 19, 2002. Respondent's mother was not present at the initial appearance because she was reportedly sick. He was, however, represented at the initial appearance by a Law Guardian. The Law Guardian entered a denial of the charges for respondent and Family Court ordered that he remain in detention pending a February 22, 2002 probable cause hearing. On February 22, 2002, respondent admitted to some of the charges in the two pending petitions. Based thereon, Family Court entered a fact-finding order in which it found that respondent circulated a bomb threat and an anthrax threat and that he operated five motor vehicles without authorization. At the subsequent dispositional hearing, Family Court placed respondent in the custody of the New York State Office of Children and Family Services for one year. Respondent appeals.

We are unpersuaded by respondent's contention that Family Court erred in proceeding with the initial appearance in the absence of a parent. Where a "reasonable and substantial effort" has been made to contact a parent or person legally responsible and such parent or person nevertheless does not appear, the court may appoint a Law Guardian and proceed with the initial appearance (see Family Ct Act §§ 320.3, 341.2 [3]). It is undisputed that respondent's mother received actual notice of the hearing and did not attend because she was reportedly ill.* There is no indication she requested an adjournment. A Law Guardian was appointed to represent respondent and neither respondent nor his counsel requested an adjournment or objected to proceeding. Under the circumstances, it was proper to proceed with the initial appearance (cf. Matter of Willie E., 88 NY2d 205, 210; Matter of Dennis NN., 107 AD2d 914, 915).

Respondent next argues that since he was detained starting on February 17, 2002, the subsequently filed petition of February 19, 2002 was defective because it did not set forth "special circumstances" justifying the detention. With certain excep-

* Although respondent was in foster care and his foster mother was present, we note that his foster mother had provided evidence in support of the petitions. We need not address whether she would nevertheless satisfy the statutory criteria because the combination of notice to the mother and the appointment of a Law Guardian satisfied the statute.

tions not applicable here, an arrested child must, "in the absence of special circumstances," be released to the child's parent or other person legally responsible for the child (Family Ct Act § 305.2 [6]). However, there is no requirement that, when the child is detained, an ensuing petition must set forth the specific circumstances justifying the detention (see Family Ct Act §§ 311.1, 311.2).

Finally, we find no abuse of discretion in the order of disposition. "While Family Court Act § 352.2 (2) requires 'the least restrictive available alternative', the statute does not require that less restrictive alternatives actually be tried and fail before more restrictive alternatives can be imposed" (Matter of Michael OO., 269 AD2d 633, 633-634). Here, respondent had previously circumvented alarms and left, without permission, a foster home operated by petitioner. He unlawfully operated motor vehicles and this conduct, as noted by Family Court, posed a "serious threat to innocent citizens." Respondent also admitted using illegal drugs and alcohol. The record clearly supports Family Court's conclusion that "secure detention is the least restrictive alternative which is consistent with the needs and best interests of the respondent and the need for protection of the community."

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.