■ In the Matter of Benjamin S.A., Appellant. Steuben County Attorney, Respondent. [754 NYS2d 491] —Appeal from an order of Family Court, Steuben County (Furfure, J.), entered July 30, 2002, which placed respondent in the custody of the Steuben County Department of Social Services for a period of one year.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order placing him in the custody of the Steuben County Department of Social Services (DSS) for a period of one year. That order brings up for review the underlying fact-finding order that adjudicated respondent a juvenile delinquent. Respondent contends that the fact-finding order must be vacated because petitioner failed to prove that he committed acts that, if committed by an adult, would constitute the crime of endangering the welfare of a child (*see* Penal Law § 260.10 [1]). Contrary to respondent's contention, petitioner established all of the elements of that crime beyond a reasonable doubt (*see* Family Ct Act § 342.2 [2]). Viewing the evidence in the light most favorable to petitioner (*see Matter of Jerry XX.,* 115 AD2d 797, *lv denied* 68

NY2d 601), we conclude that the trier of fact could reasonably have inferred that respondent knowingly left a loaded pellet pistol in a boys' bathroom at a middle school, that hundreds of children attending a school dance there had access to the bathroom, and that respondent knew that his act was likely to be injurious to the physical or mental welfare of one or more of those children. We further conclude that Family Court did not abuse its discretion in placing respondent in the custody of DSS for a period of one year, with a review to be conducted by the court after the first six months. Respondent had been suspended from school for an extended period because of his behavior during the dance, including leaving the pellet pistol in the boys' bathroom, and both of his parents were employed outside the home. Thus, respondent would have spent long periods of time at home without parental supervision if his parents had retained custody of him. The court therefore properly determined that placement in the custody of DSS was the least restrictive alternative that was consistent with both the needs and best interests of respondent and the need for protection of the community (*see* § 352.2 [2] [a]; *see generally Matter of Michael OO.*, 269 AD2d 633, 633-634; *Matter of Nathan S.*, 198 AD2d 557, 558-559). Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.