■ Delinquent. DENNIS CURTIN, as Clinton County Attorney, Respondent; AUSTIN Q., Appellant. (And Another Related Proceeding.) [879 NYS2d 828]—

Mercure, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 2, 2008, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In 2008, respondent (born in 1995) was arrested and charged in two petitions with committing acts that, if committed by an adult, would constitute the crimes of criminal sexual act in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child (two counts). The charges tracked admissions by respondent during his interview with police that two or three years earlier, he had sexually abused a female cousin (born in 1998) and a male cousin (born in 2002), who is autistic. Following an unfavorable *Huntley* ruling denying suppression of respondent's statement, he admitted to committing the acts alleged in the petitions.

Although petitioner initially asserted that respondent should

be placed in the custody of the Commissioner of Social Services, petitioner ultimately amended the petition to recommend a term of probation and proffered a safety plan to allow respondent to remain at home. A dispositional hearing was held and, thereafter, Family Court found the safety plan inadequate to protect the safety of children in the community, adjudged respondent to be a juvenile delinquent, and directed that respondent be placed in a residential facility for approximately one year. Respondent appeals, arguing that Family Court failed to order the least restrictive placement. We disagree.

At the conclusion of the dispositional hearing, Family Court was required to order the "least restrictive available alternative" set forth in Family Ct Act § 352.2 (1) that was consistent with respondent's needs and best interests, as well as the need for protection of the community (Family Ct Act § 352.2 [2] [a]; *see Matter of Melissa VV.*, 26 AD3d 682, 683 [2006]; *Matter of Jonathan D.*, 297 AD2d 400, 402 [2002]). We note that " 'the statute does not require that less restrictive alternatives actually be tried and fail before more restrictive alternatives can be imposed' " (*Matter of Jason SS.*, 301 AD2d 900, 902 [2003] [citation omitted]; *see Matter of Jonathan D.*, 297 AD2d at 402). Here, given the evidence in the record that respondent has a long history of committing offenses, victimized more than two children, used threats and physical force against his victims, attempted to engage his younger brother in sexually assaulting one of the victims, is at a moderate to high risk for recidivism and has no empathy for his victims or insight into his conduct, we cannot say that Family Court erred in determining that placement in a residential facility is the least restrictive alternative consistent with both respondent's needs and the needs of the community (*see Matter of Melissa VV.*, 26 AD3d at 683; *Matter of Jason SS.*, 301 AD2d at 902; *Matter of Jonathan D.*, 297 AD2d at 402; *Matter of Manuel W.*, 279 AD2d 662, 663 [2001]; *Matter of Nathan S.*, 198 AD2d 557, 558 [1993]).

Respondent's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.