■ In the Matter of ROBERT M., a Person Alleged to be a Juvenile Delinquent, Appellant. [896 NYS2d 456]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Nassau County (Greenberg, J.), dated February 23, 2009, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree, and (2) an order of disposition of the Family Court, Queens County (Hunt, J.), dated April 8, 2009, which, upon the fact-finding order and after a dispositional hearing, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for

review on the appeal from the order of disposition (*cf.* CPLR 5501); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

To the extent that the appellant contends that the complainant's testimony was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt, that contention is unpreserved for appellate review as he failed to raise that specific claim before the Family Court (*see Matter of Melissa N.*, 62 AD3d 884, 884 [2009]; *cf.* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the findings that the appellant committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933 [2008]; *cf. People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.