Clark, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered June 4, 2014, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In 2013, respondent (born in 1998) was arrested and charged in an amended petition with committing acts that, if committed by an adult, would constitute the crimes of possessing a sexual performance by a child, possessing an obscene sexual performance by a child, promoting a sexual performance by a child and sexual misconduct. In satisfaction of all charges, respondent admitted to conduct that, if committed by an adult, would constitute the crime of possessing a sexual performance by a child, and he was adjudicated a juvenile delinquent. Following a dispositional hearing, Family Court ordered respondent placed in a residential treatment facility for a period of 12 months. Respondent appeals, contending that Family Court abused its discretion in ordering respondent’s placement in a *1141 residential treatment facility rather than the less restrictive alternative of placing him on probation in the custody of his parents. We affirm.
Pursuant to Family Ct Act § 352.2 (2) (a), Family Court, following a dispositional hearing, “shall order the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community.” We note, however, “that a less restrictive option need not be utilized unsuccessfully before a more restrictive option may be imposed” (Matter of Tianna W., 108 AD3d 948, 949 [2013]; see Matter of Austin Q., 63 AD3d 1224, 1225 [2009]). Here, the record establishes that, for nearly three years, respondent viewed nearly 9,000 pictures and videos of prepubescent boys, many of which were sexually graphic. Although respondent has made diligent efforts in addressing his issues through individual and family counseling, the record supports the court’s finding that the parents are unable to provide the requisite supervision for respondent to remain at home in light of their continued use of alcohol and failure to seek recommended alcohol abuse counseling. Furthermore, the record reflects that the parents are reluctant to inform the school district of the challenges that respondent is facing, despite the fact that the high school that respondent attends is attached to and interacts with an elementary school. Under these circumstances, we find no abuse of discretion in Family Court’s determination that placement in a residential treatment facility is the least restrictive alternative consistent with both respondent’s needs and best interests and the protection of the community (see Matter of Trevor MM., 119 AD3d 1112, 1114 [2014]; Matter of Tianna W., 108 AD3d at 949; Matter of Austin Q., 63 AD3d at 1225).
Garry, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.