# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1259

CAF 16-00476

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF CELINA D., A PERSON ALLEGED
TO BE A JUVENILE DELINQUENT,
RESPONDENT-APPELLANT.

                                                    MEMORANDUM AND ORDER

---------------------------------------------
COUNTY OF MONROE, PETITIONER-RESPONDENT.
(APPEAL NO. 1.)

---

BARBARA E. FARRELL, ATTORNEY FOR THE CHILD, ROCHESTER, FOR
RESPONDENT-APPELLANT.

MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (BRETT C. GRANVILLE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered May 26, 2015 in a proceeding pursuant to Family Court Act article 3. The order placed respondent in the custody of the Office of Children and Family Services for a period of one year.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this juvenile delinquency proceeding pursuant to Family Court Act article 3, respondent appeals in appeal No. 1 from an order of disposition that placed her in the custody of the Office of Children and Family Services for a period of one year. In appeal No. 2, respondent appeals from an order adjudicating her a juvenile delinquent based on the finding that she committed an act that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (Penal Law § 145.00 [1]). Preliminarily, inasmuch as the appeal from the order of disposition brings up for our review the underlying fact-finding order adjudicating her a juvenile delinquent (*see Matter of Benjamin S.A.*, 302 AD2d 979, 979, *lv denied* 100 NY2d 505), the appeal from the fact-finding order in appeal No. 2 must be dismissed (*see Matter of Robert M.*, 71 AD3d 896, 896-897).

With respect to appeal No. 1, respondent contends that her admission to the underlying act was defective because Family Court failed to comply with Family Court Act § 321.3 (1). We note at the outset that, although respondent's period of placement has expired, her challenge to the admission is not moot " 'because there may be collateral consequences resulting from the adjudication of delinquency' " (*Matter of Sysamouth D.*, 98 AD3d 1314, 1314; *see Matter of Gabriela A.*, 23 NY3d 155, 161 n 2). We further note that respondent was not required to preserve her contention for our review

inasmuch as "the requirements of Family Court Act § 321.3 are mandatory and nonwaivable" (*Matter of Dakota L.K.*, 70 AD3d 1334, 1335 [internal quotation marks omitted]).  We nonetheless conclude that respondent's contention lacks merit.  The record establishes that, in its allocution with respondent and her mother, the court properly advised them of respondent's right to a fact-finding hearing, and the court ascertained that respondent committed the act to which she was entering the admission, that she was voluntarily waiving her right to a fact-finding hearing, that her mother did not object to the admission and waiver, and that they were aware of the possible specific dispositional orders (*see* § 321.3 [1]; *Matter of William VV.*, 42 AD3d 710, 712; *cf. Dakota L.K.*, 70 AD3d at 1334-1335).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court