*1635 Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered May 26, 2015 in a proceeding pursuant to Family Court Act article 3. The order placed respondent in the custody of the Office of Children and Family Services for a period of one year.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this juvenile delinquency proceeding pursuant to Family Court Act article 3, respondent appeals in appeal No. 1 from an order of disposition that placed her in the custody of the Office of Children and Family Services for a period of one year. In appeal No. 2, respondent appeals from an order adjudicating her a juvenile delinquent based on the finding that she committed an act that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (Penal Law § 145.00 [1]). Preliminarily, inasmuch as the appeal from the order of disposition brings up for our review the underlying fact-finding order adjudicating her a juvenile delinquent (see Matter of Benjamin S.A., 302 AD2d 979, 979 [2003], lv denied 100 NY2d 505 [2003]), the appeal from the fact-finding order in appeal No. 2 must be dismissed (see Matter of Robert M., 71 AD3d 896, 896-897 [2010]).
With respect to appeal No. 1, respondent contends that her admission to the underlying act was defective because Family Court failed to comply with Family Court Act § 321.3 (1). We note at the outset that, although respondent’s period of placement has expired, her challenge to the admission is not moot “ ‘because there may be collateral consequences resulting from the adjudication of delinquency’ ” (Matter of Sysamouth D., 98 AD3d 1314, 1314 [2012]; see Matter of Gabriela A., 23 NY3d 155, 161 n 2 [2014]). We further note that respondent was not required to preserve her contention for our review inasmuch as “the requirements of Family Court Act § 321.3 are mandatory and nonwaivable” (Matter of Dakota L.K., 70 AD3d 1334, 1335 [2010] [internal quotation marks omitted]). We nonetheless conclude that respondent’s contention lacks merit. The record establishes that, in its allocution with respondent and her mother, the court properly advised them of respondent’s right to a fact-finding hearing, and the court ascertained that respondent committed the act to which she was entering the admission, that she was voluntarily waiving her right to a fact-finding hearing, that her mother did not object to the admission and waiver, and that they were aware of the possible specific dispositional orders (see § 321.3 [1]; Matter of William VV., 42 *1636 AD3d 710, 712 [2007]; cf. Dakota L.K., 70 AD3d at 1334-1335).
Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Scud-der, JJ.