Baptichon v Nicolas Sablonde S.

2026 NY Slip Op 02093

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jean Dufort Baptichon, appellant,

v

Nicolas Sablonde S., defendant, Santander Consumer USA, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-11682, (Index No. 173/22)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Jean Dufort Baptichon, Freeport, NY, appellant pro se.

Fontana & Napolitano LLP, Garden City, NY (George C. Fontana, Jr., of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for breach of a loan agreement and for an order of seizure pursuant to CPLR 7102 of a motor vehicle that served as collateral for the loan, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered September 3, 2024. The order, in effect, granted the motion of the defendant Santander Consumer USA, Inc., pursuant to CPLR 7102 for an order of seizure.

ORDERED that the order is affirmed, with costs.

In February 2021, the defendant Nicolas Sablonde S. (hereinafter Nicolas) purchased a vehicle. On February 11, 2021, she executed a retail installment contract with the seller of the vehicle to finance its purchase. The retail installment contract was assigned to the defendant Santander Consumer USA, Inc. (hereinafter Santander). Nicolas failed to pay the installments due in April 2022 and thereafter, and she went into default.

Meanwhile, on December 8, 2021, Nicolas borrowed the sum of $10,000 from the plaintiff, with the vehicle as collateral. The plaintiff alleges that pursuant to an oral agreement, Nicolas agreed that if she defaulted in repaying the loan, the plaintiff would charge her storage fees for the vehicle in the amount of $75 per day.

In March 2022 Nicolas defaulted in repaying the loan from the plaintiff, and the plaintiff commenced this action. In May 2023, the plaintiff moved to recover storage fees for the vehicle in the amount of $61,425.

In response, Santander moved pursuant to CPLR 7102 for an order of seizure. The plaintiff in opposition asserted, among other things, that he had a superior lien for storage costs.

In an order entered September 3, 2024, the Supreme Court, in effect, granted Santander's motion pursuant to CPLR 7102 for an order of seizure. The plaintiff appeals.

Santander established that it was entitled to an order of seizure (see Southeast Fin., [*2]LLC v Broadway Towing, Inc., 117 AD3d 715). The plaintiff's assertion that he had a lien for storage costs of the vehicle, which had priority over Santander's lien (see Motor Discount Corp. v Scappy & Peck Auto Body, 12 NY2d 227, 229), is without merit, since there was no indication that the plaintiff performed work on the vehicle, that the location where the vehicle was stored was a duly registered motor vehicle repair shop (see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730), or that the storage fees were assessed at a reasonable prevailing rate (see Matter of Ally Fin., Inc. v All County Towing & Recovery, 166 AD3d 1442).

The plaintiff's remaining contentions are without merit (see Taveras v Incorporated Vil. of Freeport, 225 AD3d 822, 823; Matter of State of New York v Boutelle, 85 AD3d 1607; Matter of Frederick Y., 199 AD2d 887, 888; Filler v Motta, 45 Misc 3d 41 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court