Joseph A. Sarafite, J.
Petitioner is a defendant, charged with assault in the third degree, in a proceeding in the New York City ¡Criminal ¡Court. In this court, he seeks a writ of prohibition to prevent his “ retrial.”
*741 Petitioner’s trial without a jury commenced on Friday, January 18, 1974 ¡before a Judge of the Criminal Court. A witness for the prosecution was sworn and testified. A court interpreter translated the testimony into the Korean language .for the assistance of the defendant. During cross-examination of the witness, the Judgé declared a mistrial for the reasons that it appeared that the case could not be concluded that day and that the Judge was to be assigned to another court part on the following (Monday. The Judge ordered that the case be. placed on the calendar of an all-purpose part of the court for January 21,1974.
A reading of the trial minutes reveals that there is an absence of a clear statement, from the defendant or his counsel, of consent ¡to -a mistrial. 1
On January 21, another Judge of the ICriminal Court, on whose calendar the case appeared, referred the case back to the original Trial Judge, “ because of the court’s concern about the state of the record and its power to go forward in this case
On January 22, the original Trial Judge asked defense counsel if the defendant consented to a mistrial, in light .of defense objections to the court interpreter’s translation on January 18. Defense counsel responded that there was no objection to the translation and that the defense would stand on the court record of January 18. The Judge then “revoked ” his prior ruling of a mistrial and ordered that the trial be continued on January 29. Defendant’s counsel objected on the grounds of double jeopardy and that the court lacked the power to 11 reopen a mistrial.”
Subsequently, the defendant filed this article 78 proceeding against the Trial Judge, the Judges of the 'Criminal Court and the District Attorney of New York ¡County.
The Attorney-General and the District Attorney, representing the respondents, oppose the writ, contending that the alleged grievance is not one which warrants the issuance of a writ and that there is no double jeopardy issue since the Trial Judge will continue the trial.
The court turns first to the question of whether the petitioner can proceed by seeking the remedy of a writ of prohibition. This court finds that a writ of prohibition, in the circumstances of this case, is a proper remedy for the defendant to pursue. (See Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432.) The court turns next to the issue of possible double jeopardy.
*742 'CPL 40.20 states: tf 1. A, person may not twice be prosecuted for the same ¡offense.” CPL 40.30 defines what is meant by prosecution: “1. * * * when the action * * * (b) Proceeds to the trial ¡stage and a witness is sworn.” Subdivision ¡3 of the same section provides for exceptions to the rule against a second trial where “ a court order * * * directs a new trial of the same accusatory instrument.” CPL 280.10, in pertinent part, provides that “ At any time during the trial, the court must declare a mistrial and order a new trial of the indictment * * * 1. Upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings * # * 2. Upon motion of the people, when there occurs, either inside or outside the courtroom, gross misconduct by the defendant * * * .3. Upon the motion of either party or upon the court’s own motion, when it is physically impossible to proceed with the trial in conformity with law.” The Practice Commentary by Richard Denzer (now Judge Dexzer) in McKinney’s Consolidated Laws of New York, Book 11A, CPL p. 521 notes: ‘ ‘ The delicate issues arise in connection with mistrial orders issued upon motion of the people or upon the court’s own motion and without the defendant’s consent. Only under exceptional circumstances, it has been held, may a trial be so terminated without precluding a re-trial on double jeopardy grounds, and the reason for the termination ‘ must be a necessitous one, actual and substantial ’ (Nolan v. Court of General Sessions, 1962, 11 N Y 2d 114). One kind of ‘ exceptional ’ circumstance meeting this standard consists of some occurrence rendering it physically impossible to proceed with the trial, such as death or serious illness of1 the judge or other essential court personnel.” ¡(See, also, Matter of Girard v. Rossi, 40 A D 2d 13.)
The trial transcript of January 18 reveals clearly that the Judge intended to terminate the trial. Indeed, he ordered the case to be sent to an all-purpose part for retrial. Neither of the two reasons advanced for his action is sufficient to declare a mistrial.
It is uncontested that if this defendant were to be prosecuted in a second trial such prosecution would be double jeopardy.
From a reading of the court minutes of January 30, when the Trial Judge stated, u The court is conscious of its obligation to protect the constitutional rights of the defendant but the court also has an equal obligation to see to it that the rights of the People of the State of New York are also protected ”, it appears that sometime after January 18, and before Janu *743 ary 22, the Trial Judge ¡became concerned that the People could conceivably be placed in the position of not being able to prosecute the defendant anew. Hence, on January 22, the Judge “ revoked ” his prior order of a mistrial.
The issue before this court is one of first impression; can a Trial Judge, sitting without a jury, declare a mistrial and then four days afterward revoke his ruling and continue the trial? This court finds he cannot.
The granting of the mistrial ended the prosecution of this defendant. The Appellate Division in People ex rel. Cohen v. Collins (238 App. Div. 592, 594), quoted with approval Mr. Justice Frank -G. Laughlin in People v. Goldfarb (152 App. Div. 870, affd. 213 N. Y. 664), stating; “lam of. [the] opinion that it is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy and cannot be prosecuted .again in the same or another court on the same, charge; and the discontinuance of the prosecution is equivalent to a discharge, for the constitutional protection grants the defendant immunity against a second trial.”
In the instant case, the court finds that the discontinuance of the prosecution on January 18,1974 resulted in being equivalent to a discharge, just as if there had been an acquittal or conviction. There can be neither a continuation of the trial nor a second prosecution.
The petition is granted.