OPINION OF THE COURT
Andrew P. Bivona, J.
These are applications by the above-captioned respondents to dismiss the proceedings pending against them on speedy trial grounds.
All three respondents are charged with crimes which, if committed by an adult, would constitute the crimes of assault in the second degree, a class D felony, in violation of section 120.05 (2) of the Penal Law and assault in the third degree in violation of section 120.00 (2) of the. Penal Law, as, allegedly, on February 25, 1999, at 2:05 p.m., all three respondents struck another student with their book bags causing that student physical injury.
On March 4, 1999, all three respondents were “arrested.” On March 12, 1999, the Office of the County Attorney was notified by the Orange County Department of Probation that adjustment services did not commence because the complainant was insisting on immediate court access and the juvenile delinquency petitions were transmitted on that date to the County Attorney’s office for possible presentment to the Family Court. Simultaneously, all three respondents were advised of same by separate letter dated March 12, 1999.
Thereafter, the case languished until September 1, 1999, when the instant juvenile delinquency petitions against all three respondents were filed in this court. The respondents now move to dismiss on the grounds of speedy trial.
In May of this year this court visited this issue in an unpublished decision entitled Matter of Carl J., a copy of which is attached to the County Attorney’s affirmation in opposition to the motion. In that case, which is presently on appeal, the respondent was charged with acts which, if committed by an adult, would constitute the crimes of sexual abuse in the first degree, a class D felony, in violation of section 130.65 (1) of the Penal Law (three counts), one count of assault in the second degree, a class D felony, in violation of section 120.05 (2) of the Penal Law, and several misdemeanors. An appearance ticket was issued to that respondent on October 26, 1998, the matter was declined for adjustment by the Probation Department by
*509 notice dated November 16, 1998, but the petition was not filed in the Family Court until April 27, 1999. This court analyzed the Court of Appeals decision Matter of Benjamin L. (92 NY2d 660), and for the reasons stated in that decision refused to grant the respondent’s motion to dismiss on speedy trial grounds. This court is clearly not bound by its determination in that case.
In Matter of Benjamin L. (supra), the Court of Appeals dealt with the prepetition filing delay issue. In that matter the respondent was actually placed in prepetition detention for a short period of time and then released. He was given an appearance ticket and it was not until over a year later that the juvenile delinquency petition alleging acts which, if committed by an adult, would constitute attempted robbery in the second degree and menacing in the third degree, was filed. In that decision, the Court of Appeals analyzed thoroughly the reasons that it is crucially important in the context of a juvenile delinquency proceeding that the matter proceed expeditiously.
The Court stated that in 1982 the Legislature amended the juvenile delinquency provisions of the Family Court Act providing for specific time frames noting that the “express purpose of these provisions is to assure swift and certain adjudication at all phases of the delinquency proceeding (Mem in Support of Assembly Bill A 7974-A, Bill Jacket, L 1982, ch 920, as cited in Matter of Frank C., supra).” (Matter of Benjamin L., supra, at 665.)
The Court continued its analysis saying: “Minimizing the time between arrest and disposition in juvenile delinquency cases may be especially desirable because of the nature of adolescence (Butts, Speedy Trial in the Juvenile Court, op. cit., at 525). Indeed, a delay in the proceedings may undermine a court’s ability to act in its adjudicative and rehabilitative capacities (id.). Legal sanctions in the juvenile setting are designed to teach offenders that unlawful behavior has consequences. As we have already noted, the Legislature long ago acknowledged these concerns by imposing specific time limits at a number of procedural junctures in article 3.” (Matter of Benjamin L., supra, at 667.)
Although there are many time constraints set forth in Family Court Act article 3 once a petition has been filed, the only prepetition time provision is contained in Family Court Act § 310.1 (3) which provides: “3. If the appropriate agency does not originate a proceeding within thirty days of receipt of notice from the probation service pursuant to subdivision ten of *510 section 308.1, it shall notify in writing the complainant of that fact.”
It is apparent that the Legislature expected that petitions would be filed within 30 days of receipt of the probation notice. The concerns addressed by the 1982 amendments were the delays occasioned after the petition was filed. Evidently, delay in filing petitions was not then a problem.
In Benjamin (supra), the Court of Appeals determined that principles set forth in the case of People v Taranovich (37 NY2d 442), which concerned preindictment delay in criminal matters, likewise apply to juvenile delinquency proceedings. The Court also determined that there were additional factors which would be applicable to juvenile delinquency proceedings that would not be pertinent in the criminal context. Accordingly, the Court determined that the following factors must be considered: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there is any indication that the defense has been impaired by reason of the delay; (5) any mental or emotional handicaps the child may have; and (6) the need for and possibility of success of rehabilitation. (Matter of Benjamin L., supra, at 668-670.)
This matter was filed in the Family Court three days short of six months of the date of “arrest” of March 4, 1999 (presumably the date the appearance ticket was issued although a copy of same was not included in the voluntary disclosure form). Had this matter been promptly filed, it would have already been concluded.
First, the court, on its own motion (as none of the defense counsel address the issue), finds that as a matter of law the only charge that the facts of this case make out is an assault third, a class A misdemeanor, in violation of section 120.00 of the Penal Law. Although the presentment agency has charged an assault second in violation of section 120.05 (2), to sustain a finding under that section the court would have to find that a book bag is a dangerous instrument as that term is defined in the Penal Law.
A “dangerous instrument” is defined as: “any instrument, article or substance, including a ‘vehicle’ as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury.” (Penal Law § 10.00 [13].)
As a matter of law this court cannot define a book bag as a dangerous instrument without additional allegations to *511 substantiate that the book bag was outfitted in such a manner as to be readily capable of causing death or other serious physical injury. There are no other facts alleged which would allow the court to make this determination. Accordingly, the count of the petition alleging assault second as stated above is hereby dismissed.
While the Family Court Act specifically states that the provisions of the Criminal Procedure Law do not apply to juvenile delinquency proceedings unless the Family Court Act specifically provides that they do (Family Ct Act § 303.1 [1]), it further states: “A court may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.” (Family Ct Act § 303.1 [2].)
Accordingly, the court finds that it may look to the Criminal Procedure Law regarding the speedy trial provisions and the judicial interpretation of same. For an adult, the Legislature has determined that 90 days is the time period in which a misdemeanor crime must be tried. After the conclusion of that time period the matter must be dismissed unless there are extenuating circumstances. In looking at the extent of the delay pursuant to Taranovich (supra), the court will be guided by the speedy trial time periods established in the adult criminal context. As noted in Benjamin, “The effects of that kiiid of delay in the juvenile context may be even more profound. A juvenile, experiencing the vicissitudes of childhood and adolescence, is more likely to suffer from a lack of memory than an adult [citation omitted]. A juvenile is less likely than an adult to preserve his or her memory concerning the incident in question, his or her whereabouts on relevant dates, the identity of potential witnesses, and various other crucial details.” (Matter of Benjamin L., 92 NY2d, supra, at 669.)
Accordingly, the court finds that under these circumstances, where the underlying charge is a misdemeanor despite the attempts of zealous prosecutors to inflate the charge to a felony, and the period of prepetition delay is in excess of the speedy trial provisions of the Criminal Procedure Law, the delay is unreasonable and prejudicial to the juveniles’ defense.
The burden of establishing the reason for the delay is clearly on the presentment agency. The reasons given are the need to ascertain the identity of the respondents, the need to determine whether the charge should be gang assault in the second degree, a class C felony, in violation of section 120.06 of the *512 Penal Law, as charged by the police or a different assault charge, and an assertion by counsel for the presentment agency of “the inability of two attorneys to keep up with the volume of submissions, as well as the other duties within the office with which we are saddled.”
First, the court notes that the identity of the respondents had been ascertained by March 4, 1999. Second, counsel for the presentment agency are former long-time Assistant District Attorneys who should have both been able to make a determination in less than almost six months as to whether or not gang assault should be charged and should be able to keep up with the volume of work in light of their expertise and in light of the fact that, prior to 1999, significant prepetition delays did not occur. Indeed as noted in the unpublished decision referenced above, juvenile delinquency filings in May 1999 were down 40% as opposed to the same time period in May 1998. Although there has been some improvement in the rate of filings, it is still below what it was for the same time period in 1998. The court finds the proposed reasons for the delay to be without merit.
In viewing the nature of the underlying charge, the court notes that it appears to be a school-yard fight. Although not to be condoned, the nature of this charge is not so serious as to warrant denial of the instant motion. The court also notes that the school district took its own disciplinary actions.
The court will also take judicial notice of its own file as to the histories of these respondents. It is to be noted that the respondents Kyle J. M. and Jack P. S. are currently on probation on orders of disposition from this court. Indeed, Kyle J. M. was placed on probation on July 7, 1999, a time when the presentment agency was already aware of the existence of the pending charges. Likewise, Jack P. S. was placed on probation on May 19, 1999, when again, the presentment agency was aware of the pending charges, has admitted to a violation of probation on unrelated matters and is awaiting a dispositional hearing on the violation. As the nature of the dispositional proceedings in Family Court is rehabilitative rather than punitive, and as the presentment agency had within its knowledge and control the existence of these charges, it is apparent that the presentment agency did not consider these charges so significant as to warrant a different disposition at the times of the prior dispositional hearings. Additionally, it is in essence a waste of judicial resources to have subsequently filed these charges when they were clearly not previously considered *513 important enough by the presentment agency to warrant a different disposition.
As to the respondent Hershel L., there is no prior juvenile delinquency or person in need of supervision (PINS) behavior which has been brought to this court’s attention.
The court will find that in light of its determination as to the extent of the delay being unreasonable, the inexcusable reasons offered by the presentment agency for the delay, the nature of the underlying charge, the fact that the rehabilitation issues are being addressed as to two of the respondents and that the third respondent has no juvenile delinquency or PINS history, it does not need to reach the issues of whether or not there is any indication that the defense has been impaired by reason of the delay or whether the respondents suffer any mental or emotional handicaps. It also does not need to hold a hearing to determine this motion.
In light of the above factors, the court finds that granting of the motions in these matters is warranted and necessary to preserve the integrity of the juvenile delinquency proceedings. Accordingly, the motions are granted.