■ In the Matter of JAMIE D., a Person Alleged to be a Juvenile Delinquent, Respondent. [739 NYS2d 816] —Order, Family Court, Bronx County (Marian Shelton, J.), entered on or about November 22, 2000, which dismissed the juvenile delinquency petition, unanimously modified, on the law, to the extent of vacating the finding of contempt and fine imposed against the presentment agency's counsel and otherwise affirmed, without costs.

The presentment agency's claim that the court erred in dismissing the juvenile delinquency petition has not been preserved for appellate review (see, People v Luperon, 85 NY2d 71, 78; see also, People v Chavis, 91 NY2d 500, 506). In any

event, were we to review this claim, we would find that the petition was properly dismissed on the ground of unconstitutional delay prior to the filing of the petition (*see, Matter of Benjamin L.*, 92 NY2d 660). The court conducted a sufficient inquiry, in that the presentment agency was given an opportunity to explain the reason for the extensive delay in filing the petition and did not do so. We conclude that the totally unexplained delay was unconstitutional, given the short time frames normally associated with juvenile delinquency proceedings and their underlying policy considerations (*see, Matter of Benjamin L.*, at 667-670).

In this case, the court failed to follow Judiciary Law § 755 and Rules of the Appellate Division, First Department (22 NYCRR) § 604.2 (a) (1) and (3). Accordingly, the finding of contempt cannot be sustained (*see, Matter of Cramer Bowling v Cramer*, 38 AD2d 774; *Matter of Cleary*, 237 App Div 519). Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.