■ In the Matter of Clifton NN., a Person Alleged to be a Juvenile Delinquent. Stephen B. Flash, as Assistant Tompkins County Attorney, Respondent; Clifton NN., Appellant. (And Another Related Proceeding.) [882 NYS2d 581]—

Lahtinen, J. Appeals from two orders of the Family Court of Tompkins County (Sherman, J.), entered August 14, 2007, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

On February 6, 2007, respondent, while attending high school in Tompkins County, punched another student in the face and fractured his jaw. On February 21, 2007, while in Seneca County, respondent was an occupant of a vehicle in which prepackaged bags of cocaine and drug-selling paraphernalia were found by police, and a search of respondent revealed that he possessed over $1,700 in cash. With respect to the Tompkins County incident, Family Court (Sherman, J.) found, following a hearing, that respondent had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. After a fact-finding hearing in the Seneca County proceeding, Family Court (Bender, J.) determined that respondent had engaged in conduct which, had he been an adult, would have constituted the crime of criminal possession of a controlled substance in the third degree. The Seneca County proceeding was transferred for disposition to Tompkins County, where respondent resided (see Family Ct Act § 302.3 [4]). A dispositional hearing was jointly conducted on both proceedings, resulting in separate orders by Family Court (Sherman, J.), which determined that respondent was a juvenile delinquent and directed residential placement. Such placement expired in July 2008. Respondent now appeals from both orders and we affirm.

Respondent argues that neither determination was supported by legally sufficient evidence and that each was against the weight of the evidence. As to the Tompkins County assault, there was evidence that, following a minor pushing incident, the victim was walking away when respondent punched him from behind in the face with sufficient force to break his jaw. Ample proof in the record supported each of the elements of assault in the third degree and established that respondent's actions were not, as he asserted, justified as self-defense (see *People v Terk*, 24 AD3d 1038, 1039-1040 [2005]). Evidence in the Seneca County proceeding included, among other things, the presence in the vehicle of 1.4 grams of crack cocaine, a hand-held digital weighing scale and glassine envelopes, as well

as respondent's personal possession of a large amount of cash. Such proof, together with the presumption provided by Penal Law § 220.25 (1), which the factfinder found was not rebutted, provided legally sufficient evidence (*see People v Adorno*, 216 AD2d 686, 688 [1995], *lv denied* 86 NY2d 839 [1995]). As to each proceeding, we have also viewed the evidence in a neutral light, weighed the relative probative force of the conflicting testimony and, discerning no reason to reject the credibility assessments made by each factfinder, find the determinations supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Brabant*, 61 AD3d 1014, 1016 [2009], *lv denied* 12 NY3d 851 [2009]; *People v Williams*, 301 AD2d 794, 796 [2003]).

Since respondent's placement under the dispositional orders has expired, his challenge to that placement is now moot (*see Matter of Kashayla L.*, 56 AD3d 962, 962 [2008]; *Matter of Mark J.*, 259 AD2d 40, 43 [1999]). In any event, his contention about placement is without merit.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.