■ In the Matter of RICHARD JJ., a Person Alleged to be a Juvenile Delinquent. ANDREW S. MOSES, as Assistant St. Lawrence County Attorney, Appellant; RICHARD JJ., Respondent. (Proceeding No. 1.) In the Matter of ADAM RR., a Person Alleged to be a Juvenile Delinquent. ANDREW S. MOSES, as Assistant St. Lawrence County Attorney, Appellant; ADAM RR., Respondent. (Proceeding No. 2.) In the Matter of MARKUS SS., a Person Alleged to be a Juvenile Delinquent. ANDREW S. MOSES, as Assistant St. Lawrence County Attorney, Appellant; MARKUS SS., Respondent. (Proceeding No. 3.) [888 NYS2d 627]—

Kane, J. Appeals from three orders of the Family Court of St. Lawrence County (Potter, J.), entered June 23, 2008, which, in three proceedings pursuant to Family Ct Act article 3, granted respondents' motions to dismiss the petitions.

On September 7 and 8, 2007, respondents (all born in 1992) engaged in an extensive campaign of vandalism, destruction of property and theft. Police interviewed respondents and took statements from them within a few days, then arrested them on numerous charges on October 1, 2007. The Probation Department referred the matter to petitioner later in October 2007. Petitioner did not file petitions commencing these juvenile delinquency proceedings until April 21, 2008. Respondents each moved to dismiss the respective petition based on petitioner's delay in filing. Family Court granted the motions and dismissed the petitions. Petitioner appeals.

Family Court properly dismissed the petitions. The statutory speedy trial provisions relating to juvenile delinquency proceedings only apply after a petition has been filed (*see* Family Ct Act § 310.2; *see also* Family Ct Act §§ 320.2, 340.1). Prepetition delay, however, may result in an unconstitutional denial of due process (*see Matter of Benjamin L.*, 92 NY2d 660, 667-669 [1999]; *cf. People v Staley*, 41 NY2d 789, 791 [1977]). To determine whether a respondent's due process rights were violated by a delay in filing, the court must engage in a balancing of factors, including the extent of the delay, the reasons for the delay, the nature of the charges, the extent of the prefiling detention, prejudice to the defense due to the delay, any special mental or emotional needs of the juvenile, and the need for and possibility of success of rehabilitation (*see Matter of Benjamin L.*, 92 NY2d at 668-669; *People v Taranovich*, 37 NY2d 442, 445 [1975]; *Matter of Hershel L.*, 182 Misc 2d 507, 510 [1999]). No one factor or combination of factors is determinative; courts must consider each case in light of all of the applicable factors (*see People v Taranovich*, 37 NY2d at 445). When applying this balancing test, "courts must remain acutely cognizant of the goals, character and unique nature of juvenile proceedings" (*Matter of Benjamin L.*, 92 NY2d at 668). "[T]he central goal of any juvenile proceeding—rehabilitation of the juvenile through prompt intervention and treatment—can seem trivialized when a presentment agency delays the filing of a petition" (*id.* at 670; *see Matter of Joseph O.*, 305 AD2d 743, 745 [2003]).

Here, the petitions were not filed until more than seven

months after the alleged behavior underlying the charges, more than six months after respondents' arrests* and more than six months after the matter was referred to petitioner following a complete investigation. The charges were serious, including multiple felony and misdemeanor counts, and involved the theft or destruction of property owned by numerous individuals and the local school district. While respondents were not detained prior to filing of the petitions and did not assert any actual prejudice to their defenses, petitioner failed to establish a legitimate reason for the delay (*see Matter of Benjamin L.*, 92 NY2d at 670). The police had completed the entire investigation before the file was turned over to petitioner in October 2007. Petitioner contended that delay was attributable to his need to obtain certain additional documents from the investigating police agency and to consult with the District Attorney's office. The documents, while perhaps necessary for a fact-finding hearing, were not required to file a petition. Although this case may have been complex, petitioner offered no explanation for waiting several months to contact the District Attorney's office for assistance or why petitions were not filed until several months after contacting that office. Weighing all of the factors, while also considering the ultimate goal of promptly treating and rehabilitating juvenile offenders, the unjustified delay here violated respondents' due process rights. Thus, Family Court correctly granted their motions to dismiss the petitions.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Had respondents been adults in the criminal court system, the time period between arrest and filing would have mandated dismissal (*see* CPL 30.30; *Matter of Hershel L.*, 182 Misc 2d at 511).