██ In the Matter of GORDON B., a Person Alleged to be a Juvenile Delinquent, Appellant. WILLIAM FAVREAU, as Clinton County Attorney, Respondent. (And Another Related Proceeding.) [920 NYS2d 798]—

Egan Jr., J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered May 11, 2010, which, in two proceedings pursuant to Family Ct Act article 3, denied respondent's motion to dismiss the petitions, (2) from two orders of said court, entered June 14, 2010, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent, and (3) from two orders of said court, entered June 15, 2010, which

---

placed respondent in the custody of the Clinton County Department of Social Services.

In March 2010, respondent (born in 1997) was charged in two petitions, each alleging acts perpetrated on separate victims which, if committed by an adult, would have constituted the crimes of criminal sexual act in the first degree and endangering the welfare of a child. The charges stemmed from the allegations of respondent's two younger male cousins (born in 1998 and 1999) that, during late July or early August 2009, respondent engaged in anal sexual conduct with them by forcible compulsion. Respondent was arrested in relation to these charges in August 2009, and the Clinton County Probation Department referred the matter to petitioner in September 2009. In March 2010, petitioner commenced these proceedings.

Respondent moved to dismiss both petitions based on petitioner's delay in filing them. Family Court denied the motion with respect to each petition and, after conducting a fact-finding hearing, determined that, with respect to each victim, respondent had engaged in acts which, had he been an adult, would constitute the crimes of criminal sexual act in the first degree and endangering the welfare of a child. After a dispositional hearing, Family Court adjudicated respondent a juvenile delinquent and directed that he be placed in the custody of the Clinton County Commissioner of Social Services for approximately one year. Respondent now appeals from all five orders.[1]

Initially, we address respondent's argument that Family Court erred in denying his motion to dismiss the petitions. This Court has recently held that, while the speedy trial provisions set forth in Family Ct Act article 3 only apply after a petition is filed, "[p]repetition delay, however, may result in an unconstitutional denial of due process" (*Matter of Richard JJ.*, 66 AD3d 1152, 1153 [2009]; *see* Family Ct Act § 310.2; *Matter of Benjamin L.*, 92 NY2d 660, 667-669 [1999]; *cf. People v Staley*, 41 NY2d 789, 791 [1977]). "To determine whether a respondent's due process rights were violated by a delay in filing, the court must engage in a balancing of factors, including the extent of the delay, the reasons for the delay, the nature of the charges, the extent of the prefiling detention, prejudice to the defense due to the delay, any special mental or emotional needs of the juvenile,

---

1. An appeal as of right can only be taken from an order of disposition in a Family Ct Act article 3 proceeding (*see* Family Ct Act § 1112 [a]). As such, respondent's appeals from the orders entered May 11, 2010 and June 14, 2010 must be dismissed. Respondent's appeals from the orders of disposition bring those orders up for review (*see Matter of Barry H.*, 24 AD3d 1137, 1139 [2005]).

and the need for and possibility of success of rehabilitation" (*Matter of Richard JJ.*, 66 AD3d at 1153 [citations omitted]), and no one factor is determinative (*see id.*). "When applying this balancing test, courts must remain acutely cognizant of the goals, character and unique nature of juvenile proceedings" (*id.* [internal quotation marks and citation omitted]), the central goal of which is rehabilitation through prompt intervention and treatment (*see Matter of Benjamin L.*, 92 NY2d at 670).

Family Court properly balanced the relevant factors in denying respondent's motion to dismiss. Family Court acknowledged the goals of Family Ct Act article 3 (*see id.*) and found that, while petitioner was at fault for this delay, petitioner's excuse amounted to a "good faith miscommunication between the parents . . . and the prosecuting attorney" regarding whether the prosecuting attorney was waiting for the victims' parents to obtain medical records. Family Court also considered the serious nature of the charges alleged, that respondent was just 12 years old at the time of alleged incidents, and that, if he were found to have committed the alleged acts, respondent may have special mental or emotional needs and rehabilitation would be required. Finally, we note that respondent was not detained prior to filing the petitions and did not assert any actual prejudice to his defenses as a result of the delay (*compare Matter of Richard JJ.*, 66 AD3d at 1154).[2]

We also reject respondent's argument that petitioner failed to prove beyond a reasonable doubt that he committed the alleged acts and that Family Court erred in crediting the testimony of the victims. Inasmuch as respondent argues that Family Court's determination was not supported by legally sufficient evidence, this contention is unpreserved for appellate review as respondent failed to raise this specific claim before Family Court (*see Matter of Jason P.*, 78 AD3d 838, 839 [2010]; *Matter of Robert M.*, 71 AD3d 896, 897 [2010]; *see generally Matter of Arthur O.*, 55 AD3d 1019, 1020 [2008]; *Matter of Daniel JJ.*, 31 AD3d 930, 930 [2006], *lv denied* 7 NY3d 714 [2006]). To the extent that respondent's appeal asserts a weight of the evidence argument, when presented with such an argument, "where a different determination would not have been unreasonable, we view the evidence in a neutral light while according deference to the credibility determinations of Family Court" (*Matter of Jared WW.*, 56 AD3d 1009, 1010 [2008]; *see Matter of Clifton NN.*, 64 AD3d 903, 905 [2009]; *Matter of Shane EE.*, 48 AD3d 946, 948 [2008]).

---

**2.** As respondent's contention that he was prejudiced by petitioner's delay because witnesses' memories may have faded is raised for the first time on appeal, it is not properly before us (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]).

At the fact-finding hearing, petitioner presented the testimony of both victims as well as the victims' mother. The victims' mother testified that her family visited respondent's home for approximately two weeks between July and August 2009. The victims' mother testified that 13 people, including her family and respondent's family, resided in the four-bedroom home of respondent's family during the visit, and that bedrooms and beds were shared. The victims each slept with respondent in respondent's bed, and after the visit ended and the family had returned home, the victims disclosed the allegations of abuse. The mother testified that this prompted her to examine the children's backsides, which she described as "red, very raw [and that the older victim] had a bruise, a good size black and blue mark on his back." Both victims testified that, on separate occasions during that two-week visit, each was sleeping in the same bed as respondent when they were awoken by respondent inserting his penis into the "butt" of the victims while respondent pinned them face down on the bed. The older victim also testified that, during the incident, respondent punched him in the back. At the fact-finding hearing, respondent admitted that both victims had slept in his bedroom at some point during their stay, but denied having committed the acts alleged. Respondent's mother also testified that she did not notice any bruising on the back of the older child and that, during the visit, she was unaware that one of the victims had slept in respondent's bedroom. Family Court determined that both victims and their mother presented credible testimony and, viewing this evidence in a neutral light and deferring to Family Court's ability to assess the witnesses' credibility (see *Matter of Clifton NN.*, 64 AD3d at 905), we find that the court's determination was supported by the weight of the evidence.

Finally "in noting that Family Court has broad discretion in entering dispositional orders" (*Matter of Orazio A.*, 81 AD3d 1104, 1106 [2011]; see *Matter of Tjay T.*, 34 AD3d 1060, 1062 [2006]), we find that, given the evidence in this proceeding, including the fact that there were two victims, the aggressive nature of the acts, respondent's denial—as well as his parents' denial—that he had committed the acts and the testimony of a mental health clinician that respondent is at a medium risk for recidivism, we cannot say that Family Court erred in determining that placement in the custody of the Clinton County Department of Social Services was the least restrictive alternative consistent with both respondent's needs and the needs of the community (see Family Ct Act § 352.2 [1], [2] [a]; *Matter of Austin Q.*, 63 AD3d 1224, 1225 [2009]; *Matter of Melissa VV.*, 26 AD3d 682, 683 [2006]).

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the appeals from the orders entered May 11, 2010 and June 14, 2010 are dismissed, without costs. Ordered that the orders entered June 15, 2010 are affirmed, without costs.