[942 NYS2d 38]

In the Matter of Marcus B., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, March 22, 2012

## APPEARANCES OF COUNSEL

*Law Offices of Randall S. Carmel*, Syosset (*Randall S. Carmel* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Larry A. Sonnenshein* and *Leonard Koerner* of counsel), for presentment agency.

## OPINION OF THE COURT

CATTERSON, J.

In this case arising from the adjudication of a petition for juvenile delinquency, the declaration of a mistrial due to the presiding judge's transfer from Family Court to Civil Court was a matter of administrative convenience rather than "manifest necessity." Therefore, the commencement of a new fact-finding hearing violated the appellant's constitutional protection from double jeopardy.

The record reflects that on November 6, 2009, at 5:00 P.M., the appellant was apprehended and arrested for carrying what several detectives allegedly observed was a black semiautomatic

firearm. The gun was later discovered to be a BB gun. This case was commenced by the filing of a juvenile delinquency petition against the appellant on November 20, 2009, alleging unlawful possession of weapons by persons under 16 pursuant to Penal Law § 265.05, and an act that, if committed by an adult, would constitute unlawful possession or sale of a toy or imitation firearm pursuant to Administrative Code of City of NY § 10-131 (g). On the date the petition was filed, the Family Court assigned the appellant counsel and remanded him to the Commissioner of Juvenile Justice for detention.

A fact-finding hearing commenced on December 2, 2009. At some point in early January 2010, the judge presiding over the hearing advised the parties that he would soon be transferred to the Civil Court. On January 26, 2010, when the presentment agency rested its case, the trial transcript reflects that the appellant made a prima facie motion to dismiss the petition which was denied. The appellant then requested a continuance that was also denied. The court informed counsel that she risked a mistrial if she did not finish the case the next day.

The following day, the appellant moved to dismiss on the ground that the judge was forcing the completion of the trial at the expense of the appellant's right to adequately prepare his defense. The appellant's counsel argued that the witnesses could not be produced that day, and that forcing her to proceed without proper records or preparation was overreaching on the part of the court. The appellant's counsel also argued that the relocation of the judge for administrative reasons did not constitute "manifest necessity" warranting a mistrial. The motion was denied, and the appellant's attorney objected, but the court adhered to its decision and adjourned the matter to January 29, 2010 for the appellant's counsel to complete presentation of the case.

However, on January 29th, attorneys who served on the 18-B panel with the appellant's counsel advised the court that the appellant's counsel had been hospitalized for a sudden illness. In the absence of the appellant's counsel, the judge informed the parties that he was advised by the Supervising Judge of the Bronx Family Court to adjourn the matter for a general call on February 3rd.

On February 3, 2010, while the appellant's counsel was still hospitalized, the Supervising Judge declared a mistrial and adjourned the matter for a new fact-finding hearing. On the day of the hearing, the appellant moved, before a new judge, to

dismiss the proceeding on the ground that a new fact-finding hearing subjected him to double jeopardy. The appellant argued that the transfer of the judge who originally heard the matter to the Civil Court was not a proper ground to declare a mistrial. The court denied the appellant's motion, concluding that the transfer of a judge from one court to a new court established "manifest necessity," assuming that everything possible was done to complete the trial while the judge was still presiding over the matter.

After further adjournments, on March 26, 2010, the appellant admitted to having an imitation gun in his possession in satisfaction of the petition. On January 26, 2011, after a series of hearings, the appellant was adjudicated a juvenile delinquent. The court found that the least restrictive alternative was placement with the Office of Children and Family Services for a period of 12 months, with no credit for time served.

■ On appeal, the appellant argues that the court erred in finding that there was "manifest necessity" for the declaration of a mistrial at the appellant's first fact-finding hearing. Accordingly, the appellant argues that further prosecution violated his constitutional protection from double jeopardy and the petition should have been dismissed. For the reasons set forth below, we agree.

The Double Jeopardy Clauses in the Fifth Amendment to the United States Constitution and in article I, § 6 of the New York Constitution protect an accused against multiple prosecutions for the same offense. (*People v Ferguson*, 67 NY2d 383, 387 [1986].) This protection applies to respondents in juvenile delinquency cases. (*See Breed v Jones*, 421 US 519 [1975].) The Double Jeopardy Clause limits the instances in which a mistrial can be declared without a criminal defendant's consent because the defendant possesses a "valued right to have his trial completed by a particular tribunal." (*Hall v Potoker*, 49 NY2d 501, 505 [1980] [internal quotation marks omitted].)

Thus, when a mistrial is declared without the consent of the accused, the prohibition against double jeopardy precludes retrial for the same offense unless there is a " 'manifest necessity' " for the mistrial or " 'the ends of public justice would otherwise be defeated.' " (*Matter of Enright v Siedlecki*, 59 NY2d 195, 199 [1983], quoting *United States v Perez*, 9 Wheat (22 US) 579, 580 [1824].) Indeed, Criminal Procedure Law § 280.10 (3) allows a court to declare a mistrial only when it is "physically impossible to proceed with the trial in conformity

with law." Such instances include when the judge or other essential court personnel are unavailable due to death or serious illness. (*People v Goldfarb*, 152 App Div 870, 874 [1st Dept 1912], *affd* 213 NY 664 [1914]; *see e.g. People v Mason*, 233 AD2d 271 [1st Dept 1996], *lv denied* 89 NY2d 944 [1997] [a mistrial was correctly declared when a juror was disqualified due to wife's illness and no alternate juror was available].)

Although great deference is accorded a trial court's declaration of a mistrial, a trial court abuses its discretion when the declaration of a mistrial is based solely upon the convenience of the court. (*People v Michael*, 48 NY2d 1, 9 [1979].) Furthermore, the declaration of a mistrial based upon the mere reassignment of a judge for administrative purposes, without more, is an abuse of discretion. (*See e.g. Matter of Kim v Criminal Ct. of City of N.Y.*, 77 Misc 2d 740 [Sup Ct, NY County 1974], *affd* 47 AD2d 715 [1st Dept 1975] [trial judge abused his discretion in declaring a mistrial on the ground that the case could not be concluded that day and that the judge was to be assigned to another court part the following week].)

In this case, the Supervising Judge declared a mistrial due to the presiding judge's reassignment from Family Court to Civil Court. The Supervising Judge stated that "the matter cannot be continued either because the judge who was hearing the matter is no longer in Family Court and additionally at this time Part 4, [the judge who was hearing the matter], was trying to finish the matter but [appellant's counsel] was hospitalized." However, the court failed to explain how the transfer was an impediment to the original presiding judge's completion of the case. The appellant accurately points out that the hearing was virtually completed and the Civil Court to which the judge was reassigned is located only a few blocks away from the Family Court. Moreover, there is nothing in the record to suggest that it was "physically impossible" for the judge to finish the case due to death or illness. Because there is no evidence that the declaration of a mistrial in this case was manifestly necessary rather than merely convenient for the court, the declaration of mistrial was an abuse of discretion.

Contrary to the presentment agency's argument, the judge who originally presided in the matter retained jurisdiction to hear the case after his transfer. New York Constitution, article VI, § 26 (k) provides that

> "[a]fter the expiration of any temporary assignment,
> . . . the judge or justice assigned shall have all the
> powers, duties and jurisdiction of a judge or justice

> of the court to which he or she was assigned with respect to matters pending before him or her during the term of such temporary assignment."

Courts have interpreted this section to authorize judges who were temporarily assigned to other courts to adjudicate matters that were pending before them during their temporary assignments, even after the temporary assignment had terminated. (*See e.g. People v Yannicelli*, 40 AD2d 564, 565 [2d Dept 1972], *affd* 33 NY2d 621 [1973] [judge retained jurisdiction to impose sentences on defendants after the expiration of his temporary assignment "by virtue of the provisions of (section 26 [k])"].)

 We also reject the presentment agency's argument that appellant's admission waived or forfeited his double jeopardy claim. An admission to a juvenile delinquency petition corresponds to a guilty plea in an adult criminal proceeding. (*Matter of Daniel Richard D.*, 27 NY2d 90, 97 [1970], *cert denied sub nom. Daniel Richard D. v County of Onondaga*, 403 US 926 [1971].) While a guilty plea may waive a statutory double jeopardy claim, a constitutional claim of double jeopardy survives a guilty plea. (*See People v Prescott*, 66 NY2d 216, 220-221 [1985], *cert denied* 475 US 1150 [1986], citing *Menna v New York*, 423 US 61 [1975].) Moreover, although a constitutional double jeopardy claim may be expressly waived in a plea agreement (*see People v Allen*, 86 NY2d 599 [1995]), nothing in the record indicates that the appellant expressly waived that claim when he admitted to the petition.

Accordingly, the order of disposition, Family Court, Bronx County (Robert R. Reed, J., at fact-finding hearing; Monica Drinane, J., at mistrial declaration; Nancy M. Bannon, J., at dismissal motion and disposition), entered on or about January 26, 2011, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute possession or sale of a toy or imitation firearm (Administrative Code of City of NY § 10-131 [g]), and placed him with the Office of Children and Family Services for a period of 12 months, should be reversed, on the law, without costs, and the petition dismissed.

SAXE, J.P., MOSKOWITZ, ACOSTA and RENWICK, JJ., concur.

Order of disposition, Family Court, Bronx County, entered on or about January 26, 2011, reversed, on the law, without costs, and the petition dismissed.