■ In the Matter of RICHARD R., a Person Alleged to be a Juvenile Delinquent, Appellant. [999 NYS2d 180]—

Appeals from (1) an order of fact-finding of the Family Court, Kings County (Lee Hand Elkins, J.), dated April 4, 2012, (2) an order of that court (Terrence J. McElrath, J.), dated August 13, 2013, and (3) an order of disposition of that court (Terrence J. McElrath, J.), also dated August 13, 2013. The order dated April 4, 2012, determined, upon the appellant's admission, that the appellant had committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree. The first order dated August 13, 2013, denied the appellant's motion to dismiss the petition based upon delay in completing the dispositional hearing. The second order dated August 13, 2013, adjudicated the appellant a juvenile delinquent and, upon his consent, placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of up to 18 months, with a minimum of six months and with credit for time served.

Ordered that the appeals from the order of fact-finding dated April 4, 2012, and the first order dated August 13, 2013, are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition, and are brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as, upon the appellant's consent, placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of up to 18 months, with a minimum of six months and with credit for time served, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of up to 18 months, with a minimum of six months and with credit for time served, must be dismissed,

inasmuch as the appellant consented to the disposition and thus is not aggrieved thereby (*see* CPLR 5511; *Matter of Jayson V.*, 117 AD3d 960 [2014]; *Matter of Keir B.*, 115 AD3d 855 [2014]; *Matter of Cristian C.*, 104 AD3d 941, 942 [2013]). In any event, the appeal from that part of the order is academic since the period of placement has expired (*see Matter of Jonathan E.*, 119 AD3d 943 [2014]; *Matter of Shakir J.*, 119 AD3d 792, 793 [2014]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the order of fact-finding dated April 4, 2012, and the first order dated August 13, 2013, denying his motion to dismiss the petition, has not been rendered academic (*see Matter of Jonathan E.*, 119 AD3d at 943; *Matter of Shakir J.*, 119 AD3d at 793).

The Family Court properly denied the appellant's motion to dismiss the petition on the grounds that the length of time that elapsed between the commencement of his dispositional hearing and its conclusion violated his statutory right to a speedy dispositional hearing under Family Court Act § 350.1 and his due process rights under the New York Constitution. Contrary to the appellant's contention, Family Court Act § 350.1 does not provide him with a remedy, inasmuch as it sets time limits only for the commencement of the dispositional hearing, not its completion. As to his argument that the delay violated his due process rights (*see Matter of Benjamin L.*, 92 NY2d 660, 667-668 [1999]), we do not find that dismissal of the petition was warranted on the ground of a due process violation (*see generally Matter of Gordon B.*, 83 AD3d 1164, 1166 [2011]; *Matter of Jermaine J.*, 6 AD3d 87, 93-94 [2004]; *cf. Matter of Richard JJ.*, 66 AD3d 1152, 1154 [2009]).

The Family Court did not improvidently exercise its discretion in declaring a mistrial and recommencing the dispositional hearing when the case was reassigned to it upon the retirement of the previous presiding judge (*see* Family Ct Act § 340.2; *cf. Matter of Marcus B.*, 95 AD3d 15, 19 [2012]).

The appellant's remaining contention is without merit. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.