Matter of Isaiah L. (2019 NY Slip Op 01215)





Matter of Isaiah L.


2019 NY Slip Op 01215


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06033
 (Docket No. D-3824-18)

[*1]In the Matter of Isaiah L. (Anonymous), respondent; Suffolk County Department of Social Services, appellant.


Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for appellant.
Maryann T. Reiss, Northport, NY, for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Suffolk County Department of Social Services appeals from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated May 18, 2018. The order granted the motion of Isaiah L. to dismiss the petition on the ground that he was deprived of his constitutional right to due process by an unreasonable delay in prosecution.
ORDERED that the order is affirmed, without costs or disbursements.
On March 9, 2018, the Suffolk County Department of Social Services (hereinafter DSS) filed a petition alleging that on November 7, 2017, Isaiah L. committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree. Isaiah L. moved to dismiss the petition, arguing that he was deprived of his constitutional right to due process by the delay between his arrest on November 7, 2017, and the filing of the petition. The Family Court granted the motion, and DSS appeals.
The due process right to a speedy trial extends to respondents in juvenile delinquency proceedings (see Matter of Benjamin L., 92 NY2d 660, 668). An unreasonable delay in prosecuting a juvenile delinquency proceeding following a respondent's arrest can constitute a violation of due process (see id. at 667; Matter of Gordon B., 83 AD3d 1164, 1165). To determine whether a respondent's due process rights were violated by a delay in filing, the court must engage in a balancing of factors, including the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of pretrial incarceration, and whether there is any indication of prejudice to the defense resulting from the delay (see Matter of Benjamin L., 92 NY2d at 668-669; People v Taranovich, 37 NY2d 442, 445; Matter of Richard JJ., 66 AD3d 1152, 1153). When applying this balancing test, "courts must remain acutely cognizant of the goals, character and unique nature of juvenile proceedings" (Matter of Benjamin L., 92 NY2d at 668; see Matter of Richard JJ., 66 AD3d at 1153). "[T]he central goal of any juvenile proceeding—rehabilitation of the juvenile through prompt intervention and treatment—can seem trivialized when a presentment agency delays the filing of a petition" (Matter of Benjamin L., 92 [*2]NY2d at 670).
Here, while the charges were serious and Isaiah L. did not demonstrate any actual prejudice to his defense attributable to the delay in filing the petition, DSS failed to establish a legitimate reason for the delay. Additionally, the ultimate goal of promptly treating and rehabilitating Isaiah L. would not be furthered by permitting a fact-finding hearing on the petition following the unjustified delay. Under the circumstances, the delay in prosecuting the proceeding was unreasonable, and we agree with the Family Court's determination granting Isaiah L.'s motion to dismiss the petition (see People v Montague, 130 AD3d 1100, 1101-1102; Matter of Richard JJ., 66 AD3d at 1153; Matter of Jamie D., 293 AD2d 278, 279).
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court