Matter of Adonis J. W. (2025 NY Slip Op 02788)

Matter of Adonis J. W.

2025 NY Slip Op 02788

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-00029
 (Docket No. D-17008-23)

[*1]In the Matter of Adonis J. W. (Anonymous), appellant.

Twyla Carter, New York, NY (Dawne Mitchell and Hannah Kaplan of counsel), for appellant.
Muriel Goode-Trufant, New York, NY (Melanie T. West and D. Alan Rosinus, Jr., of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Adonis J. W. appeals from an order of disposition of the Family Court, Queens County (Lisa J. Friederwitzer, J.), dated December 12, 2023. The order of disposition, upon an order of fact-finding of the same court also dated December 12, 2023, made upon the admission of Adonis J. W., finding that he committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, and after a dispositional hearing, adjudicated him a juvenile delinquent and conditionally discharged him for a period of 12 months. The appeal brings up for review the denial of that branch of the omnibus motion of Adonis J. W. which was to dismiss the petition on the ground that he was deprived of his constitutional right to due process by an unreasonable delay in prosecution.
ORDERED that the appeal from so much of the order of disposition as conditionally discharged Adonis J. W. for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the omnibus motion of Adonis J. W. which was to dismiss the petition is granted, the order of fact-finding is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance with Family Court Act § 375.1.
The appeal from so much of the order of disposition as conditionally discharged Adonis J. W. for a period of 12 months must be dismissed as academic, as the period of conditional discharge has expired (see Matter of Marlon C., 139 AD3d 941, 941). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the denial of that branch of the omnibus motion of Adonis J. W. which was to dismiss the petition on the ground that he was deprived of his constitutional right to due process by an unreasonable delay in prosecution is not academic (see Matter of Robert D., 69 AD3d 714, 715).
On October 2, 2023, the Corporation Counsel of the City of New York (hereinafter the presentment agency) filed a petition alleging that on January 17, 2023, Adonis J. W. committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree, assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree. Adonis J. W. moved, inter alia, to dismiss the petition, arguing that he was deprived of his constitutional right to due process by the eight-and-a-half-month delay between his arrest on January 17, 2023, and the filing of the petition. The Family Court denied that branch of the motion. Thereafter, Adonis J. W. made an admission to assault in the third degree (Penal Law § 120.00[1]), and the court issued an order of fact-finding in accordance therewith. By order of disposition dated December 12, 2023, the court adjudicated Adonis J. W. a juvenile delinquent and conditionally discharged him for a period of 12 months. Adonis J. W. appeals.
"The due process right to a speedy trial extends to respondents in juvenile delinquency proceedings" (Matter of Isaiah L., 169 AD3d 907, 908; see Matter of Benjamin L., 92 NY2d 660, 668). "An unreasonable delay in prosecuting a juvenile delinquency proceeding following a respondent's arrest can constitute a violation of due process" (Matter of Isaiah L., 169 AD3d at 908; see Matter of Benjamin L., 92 NY2d at 667; Matter of Gordon B., 83 AD3d 1164, 1165). "To determine whether a respondent's due process rights were violated by a delay in filing, the court must engage in a balancing of factors, including the extent of the delay, the reason for the delay, the nature of the underlying charge, whether there has been an extended period of pretrial incarceration, and whether there is any indication of prejudice to the defense resulting from the delay" (Matter of Isaiah L., 169 AD3d at 908; see Matter of Benjamin L., 92 NY2d at 668-669; People v Taranovich, 37 NY2d 442, 445; Matter of Richard JJ., 66 AD3d 1152, 1153). "When applying this balancing test, 'courts must remain acutely cognizant of the goals, character and unique nature of juvenile proceedings'" (Matter of Isaiah L., 169 AD3d at 908, quoting Matter of Benjamin L., 92 NY2d at 668; see Matter of Richard JJ., 66 AD3d at 1153). "'[T]he central goal of any juvenile proceeding—rehabilitation of the juvenile through prompt intervention and treatment—can seem trivialized when a presentment agency delays the filing of a petition'" (Matter of Isaiah L., 169 AD3d at 908, quoting Matter of Benjamin L., 92 NY2d at 670).
Here, while the charges were serious and Adonis J. W. did not demonstrate any actual prejudice to his defense attributable to the delay in filing the petition, the presentment agency failed to establish a legitimate reason for the delay. Additionally, the ultimate goal of promptly treating and rehabilitating Adonis J. W. was not furthered by permitting a fact-finding hearing on the petition following the unjustified delay. Under the circumstances, the delay in prosecuting the proceeding was unreasonable, and the Family Court should have granted that branch of the omnibus motion of Adonis J. W. which was to dismiss the petition on the ground that he was deprived of his constitutional right to due process by an unreasonable delay in prosecution (see Matter of Isaiah L., 169 AD3d at 908; Matter of Richard JJ., 66 AD3d at 1154).
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court